**UNITED STATES of America,**
**Plaintiff,**

v.

**Dustin Lee HONKEN, Defendant.**

**No. CR 01–3047–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Nov. 26, 2003.

Alfredo G. Parrish, Parrish Kruidenier Moss Dunn Montgomery Boles & Gribble, LLP, Des Moines, IA, for Defendant.

Charles J. Williams, U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

### ORDER (ORIGINALLY FILED UNDER SEAL)

BENNETT, Chief Judge.

This matter comes before the court pursuant to the government's September 16, 2003, Motion For Anonymous Jury (docket no. 150). The defendant resisted the motion on September 24, 2003 (docket no. 153). The court finds that a number of matters must be addressed before the court can consider the merits of the motion.

■ First, the court notes that the defendant contends that the motion should be denied for failure to comply with N.D. IA. L.R. 7.1, incorporated into criminal procedure in this district by virtue of N.D. IA. L.CR.R. 47.1, because the government has not filed a motion and a separate brief. The defendant contends that denial of the government's motion on this basis is supported by *Velek v. Arkansas*, 198 F.R.D.

661, 662 (E.D.Ark.2001). The court expects all litigants in this district to comply with the local rules, and finds little reason to excuse the United States, the most frequent litigator before this court, from full compliance with those rules. However, under the circumstances presented here, the court declines to elevate form over substance to the point of denying the government's motion on the basis of failure to comply with the local rules. The court so concludes, because the grounds and authority for the government's motion and the relief requested have been made clear, albeit in a single unified filing. Indeed, the defendant does not explain in what way he has been prejudiced in responding to the government's motion by the government's failure to file a motion and a separate brief. Moreover, even if the court were to deny the government's motion on the basis of the procedural irregularity cited by the defendant, such a denial would be without prejudice to refiling the motion in proper form, which would needlessly delay consideration of the motion on its merits. Therefore, the court will be satisfied in this instance with cautioning the parties to comply carefully with all applicable rules and procedures, including local rules.

■ Second, the court will consider *sua sponte* whether or not an evidentiary hearing on the government's motion for anonymous jury is appropriate, even though neither party requested such an evidentiary hearing. The court notes that it has the discretion to empanel an anonymous jury *sua sponte, see, e.g., United States v. Shryock*, 342 F.3d 948, 970–73 (9th Cir.2003); *United States v. Bowman*, 302 F.3d 1228, 1238–39 (11th Cir.2002), *cert. denied*, 538 U.S. 1001, 123 S.Ct. 1923, 155 L.Ed.2d 829 (2003); *United States v. Branch*, 91 F.3d 699, 723–25 (5th Cir.1996), *cert. denied*, 520 U.S. 1185, 117 S.Ct. 1466,

137 L.Ed.2d 681 (1997); *United States v. Edmond,* 52 F.3d 1080, 1089–94 (D.C.Cir.), *cert. denied,* 516 U.S. 998, 116 S.Ct. 539, 133 L.Ed.2d 443 (1995); consequently, there seems to be little doubt that the court can order an evidentiary hearing on a motion to empanel an anonymous jury *sua sponte.* Various Circuit Courts of Appeals have held that an evidentiary hearing on the issue of whether or not to empanel an anonymous jury is *not always* required. *See, e.g. United States v. Wilson,* 160 F.3d 732, 747 (D.C.Cir.1998) (the district court did not abuse its discretion by not conducting an evidentiary hearing on the anonymous jury issue, where the court heard arguments of counsel and the government was relying principally on the charges in the indictment and the prosecutor's affidavit), *cert. denied,* 528 U.S. 828, 120 S.Ct. 81, 145 L.Ed.2d 69 (1999); *United States v. Aulicino,* 44 F.3d 1102, 1106 (2d Cir. 1995) ("The district court has discretion to determine whether or not an evidentiary hearing is needed on the government's allegations" supporting a request for an anonymous jury); *United States v. Eufrasio,* 935 F.2d 553, 574 (3d Cir.) ("A trial court has discretion to permit an anonymous jury without holding an evidentiary hearing on juror safety, if the court believes there is potential for juror apprehension."), *cert. denied,* 502 U.S. 925, 112 S.Ct. 340, 116 L.Ed.2d 280 (1991). Nevertheless, the court finds that an evidentiary hearing is particularly appropriate in this case, in light of the defendant's contention that the government is relying on mere allegations, not facts or evidence, to support its request for an anonymous jury, and in light of the fact that the government failed to support its allegations, in the first instance, with any affidavits or other proffers of supporting evidence. *Compare Wilson,* 160 F.3d at 747 (although the government relied on the charges in the indictment, the government also submitted the prosecutor's affidavit);

*Edmond,* 52 F.3d at 1091 (in empaneling an anonymous jury without an evidentiary hearing, the district court relied on the indictment and *in camera* submissions); *Aulicino,* 44 F.3d at 1116 (the government supported its request for an anonymous jury with a variety of proffers, including the testimony of a cooperating witness, and the defendant conceded that it could not rebut the cooperator's testimony beyond attempting to cast certain conduct in an innocent light). Therefore, the court will set an evidentiary hearing on the government's motion for an anonymous jury.

Third, the determination that the court should hold an evidentiary hearing on the government's motion for an anonymous jury begs the question of whether or not that hearing should be "closed." The court finds that its analysis of this issue is guided by the decision of the Fifth Circuit Court of Appeals in *United States v. Edwards,* 303 F.3d 606 (5th Cir.2002), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1025 (2003).

In *Edwards,* the Fifth Circuit Court of Appeals considered the defendants' contention that the district court's decision to close the hearing on whether to empanel an anonymous jury violated their Sixth Amendment right to a public trial. *See Edwards,* 303 F.3d at 615. The court observed that "[t]he caselaw applying the Sixth Amendment guarantee of a public trial was originally developed in cases involving the right of the public and the press to attend trials, which is implicit in the First Amendment." *Id.* at 616 (citing cases). The court then likened the Sixth Amendment question of closure of a hearing on a motion for an anonymous jury to the Sixth Amendment question of closure of a hearing on a motion to suppress, which was controlled by the test enunciated in *Waller v. Georgia,* 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). *Id.*

at 616–17 (stating the *Waller* test to require the following before closure is appropriate: "(1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) it must make findings adequate to support the closure").

In *Edwards*, the court found that "the argument that the presence of the public discourages perjury and encourages prosecutorial responsibility applies with some force to the anonymous jury proceedings," a key concern under *Waller*; therefore, the court "decline[d] to hold that the closure of such proceedings can *never* violate the Sixth Amendment." *Id.* (emphasis in the original). However, the court also concluded that "[t]his is not to say ... that the proceedings always must be conducted in public." *Id.* The court explained:

> [T]he *Waller* test recognizes that a limited closure of proceedings can serve a substantial institutional interest without violating the Sixth Amendment. Indeed, the interest in avoiding prejudice in the jury pool may be particularly compelling [*617] in situations like these. Because these proceedings are not full trials, there is often a limited chance for the defendant to properly contextualize or fully attack what are often mere allegations. As in the present case, the district court often will be relying in part on affidavit, accusation, and suggestion. In the absence of a full, critical evaluation and cross-examination, such raw allegations could make their way into the public discourse, thereby proving highly prejudicial to the defendant.

*Edwards*, 303 F.3d at 616–17. The court in *Edwards* rejected the defendants' contention that the district court had not been motivated by this interest in a fair trial for the defendants, but by an interest in protecting the government, not least because the district court summed up its "core concern" to be that " '[t]he overall effect of conducting a public hearing on the motion would be just the harm the Fifth Circuit warns against [in *United States v. Norris*, 780 F.2d 1207, 1210–11 (5th Cir.1986)]: an unfair trial for the defendants.' " *Edwards*, 303 F.3d at 617 (quoting the district court's statement of its rationale). The court also concluded that the district court's action was no broader than necessary, as the defendants had proposed no viable alternatives to closure, finding that the court was not required to wait until voir dire to remedy any "taint" to the pool arising from publicity concerning a hearing on whether or not to empanel an anonymous jury. *Id.* Although the court did not consider separately the fourth *Waller* requirement, implicit in the appellate court's decision was the conclusion that the district court had made adequate findings to support the closure. *Id.* at 616–17; *see also Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (fourth requirement is that the court make findings adequate to support the closure).

■ This court agrees that the *Waller* analysis is appropriate to the question of whether or not to close the evidentiary hearing on the government's motion for an anonymous jury. Moreover, the court finds that the *Waller* requirements are met in this case. First, the overriding interest that is likely to be prejudiced if the hearing is not closed is precisely the fairness of the trial for the defendant. *See Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (first requirement); *Edwards*, 303 F.3d at 617 (finding the potential for prejudice to this interest to be sufficient). "Indeed, the interest in avoiding prejudice in the jury pool may be particularly compelling in situations like this," where "these proceedings are not full trials, there is often

a limited chance for the defendant to properly contextualize or fully attack what are often mere allegations," and the court "often will be relying in part on affidavit, accusation, and suggestion," such that, "[i]n the absence of a full, critical evaluation and cross-examination, such raw allegations could make their way into the public discourse, thereby proving highly prejudicial to the defendant." *Edwards*, 303 F.3d at 616–17. In this case, the government's allegations concerning the dangerousness of the defendant and his past conduct, which the government contends indicates a willingness to obstruct justice by murder and intimidation, even if fleshed out by evidence and subject to cross-examination in an evidentiary hearing, are precisely the sort of allegations that could irreparably "taint" a jury pool. This court concludes that there is, therefore, a substantial interest in fairness of the trial for the defendant supporting nonpublic proceedings on the government's motion for an anonymous jury. *Id.* at 617.

Moreover, even in light of the *Waller* requirements that "the closure must be no broader than necessary to protect that interest [in a fair trial for the defendant]" and that this court "must consider reasonable alternatives to closing the proceeding," *see Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (second and third requirements), the court finds that closure of the proceedings on whether or not to empanel an anonymous jury is appropriate in this case. Because neither party requested an evidentiary hearing on the motion for an anonymous jury, the parties necessarily have not proffered alternatives to closure of such a hearing. However, the court has been unable to think of an alternative that would adequately flesh out the record while also protecting the defendant's interests. This court agrees with the court in *Edwards* that waiting to cure any "taint" to the jury pool at the time of jury

selection is simply closing the gate after the horses have escaped and would leave considerable doubt as to whether all jurors actually affected by any pre-trial publicity regarding the hearing on an anonymous jury had actually been purged from the pool. *Cf. Edwards*, 303 F.3d at 617 (the trial court does not have to wait until voir dire to remedy any taint). The court has considered *in camera* submission of affidavits and other proffers of evidence to support the government's request for an anonymous jury, but finds that such a procedure is unlikely to give the defendant adequate opportunity to respond to the government's allegations. The court is loath to limit the defendant's opportunity to respond to the government's allegations in this way, for precisely the reason that it does not adequately protect the "fairness" of the proceedings. In light of these findings, the court concludes that there is adequate support for closure of the proceedings on whether or not to empanel an anonymous jury. *See Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (fourth requirement is adequate findings to support closure). Therefore, the court will order closure of the proceedings on whether or not to empanel an anonymous jury. However, the court will entertain any objections to closing the hearing, and consider any alternatives that the parties may propose to closure of the hearing, if made by written submissions not less than ten days prior to the hearing.

Fourth, assuming that the court might ultimately conclude that the government's motion should be granted in whole or in part, the court wishes the parties to brief, and to be prepared to argue at the hearing, the issue of the degree to which the jury should be "anonymous" or "innominate." *Compare, e.g., United States v. Peoples*, 250 F.3d 630, 635 (8th Cir.2001) ("All parties were provided a list of the names and places of residence of each

member of the venire panel prior to trial. The court then ordered that the panel members be identified in court by numbers rather than by name."); *Bowman*, 302 F.3d at 1236 n. 1 (referring to the jury as "innominate," rather than "anonymous," because "after a thorough voir dire, the parties knew everything about the jurors except their names," citing *United States v. Carpa*, 271 F.3d 962, 963 n. 1 (11th Cir.2001)); *with Shryock*, 342 F.3d at 970 ("[T]he district court sua sponte empaneled an anonymous jury by ordering that the names, addresses, and places of employment of prospective jurors and their spouses not be disclosed to counsel, either before or after selection of the jury panel."); *United States v. Mansoori*, 304 F.3d 635, 649 (7th Cir.2002) ("On the government's motion, and over the defendant's objections, the district court decided not to disclose the names or the home and work addresses of prospective and empaneled jurors to the parties, the public, or the media."), *cert. denied*, 538 U.S. 967, 123 S.Ct. 1761, 155 L.Ed.2d 522 (2003); *Edwards*, 303 F.3d at 612 (the information withheld from the parties and the press consisted of names and places of employment; the information regarding the potential jurors' residences disclosed to the parties consisted of only the zip codes and parishes of their residences, but not their addresses).

Finally, again assuming that the court might ultimately grant the government's motion in whole or in part, the court wishes the parties to brief, and be prepared to argue at the hearing, the extent to which prohibitions upon disclosure of the identity of or other information about jurors, or attempts to discover such information, should be imposed upon the parties, their counsel, court and clerks' office personnel, and the news media. *See, e.g., United States v. Brown*, 250 F.3d 907, 913–22 (5th Cir.2001); *United States v. King*, 140 F.3d 76, 80–84 (2d Cir.1998).

THEREFORE,

1. An **evidentiary hearing** on the government's motion for an anonymous jury is scheduled for **January 15, 2004, at 9:00 a.m., in the third floor courtroom of the United States Courthouse in Sioux City, Iowa. Such hearing shall be closed to the public.**

a. If the government intends to present evidence via live witnesses, the government shall inform the court and the parties of that fact **not later than December 19, 2003,** so that arrangements can be made for the defendant to be present at the hearing. If the government does intend to present evidence, the defendant's counsel shall notify the court on or before **January 2, 2003,** whether the defendant will consent to appear at the hearing by videoconferencing or instead stands on his right to be personally present at the hearing.

b. **On or before December 19, 2003,** the **government** shall submit a brief on the following issues: (1) the degree to which the jury should be "anonymous" or "innominate"; and (2) the extent to which prohibitions upon disclosure of the identity of or other information about jurors, or attempts to discover such information, should be imposed upon the parties, their counsel, court and clerks' office personnel, and the news media. The **defendant** shall submit a responsive brief on these issues **on or before January 2, 2004.** The government's reply, if any, may be filed **on or before January 9, 2004.**

c. **Any objections** to closure of the hearing on the government's motion for an anonymous jury, and any suggestion of any alternatives to closure of the hearing, must be filed **not later than January 5, 2004.**

2. **Also on January 15, 2004,** the court shall hear **oral arguments on the**

following motions: (1) the government's November 24, 2003, motion in limine to permit victims who will provide impact testimony at sentencing phase to observe guilt phase of trial (docket no. 163); (2) the government's November 24, 2003, motion to exclude expert evidence from defense on issue of mental disease, defect, or condition at trial or penalty phase (docket no. 165); and (3) the government's November 24, 2003, motion to bar alibi defense (docket no. 167).

**IT IS SO ORDERED.**